UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

WILLIAM G. WIZINSKY,

   Plaintiff,

vs.                                        Case No. 19-cv-00191
                                             Hon. Janet T. Neff
                                             Magistrate Judge Sally J. Berens

TOWNSHIP OF LEELANAU
and LEELANAU COUNTY,                 *ORAL ARGUMENT REQUESTED*

   Defendants.

_____/

| WILLIAM G. WIZINSKY | ROSATI SCHULTZ JOPPICH |
|---|---|
| Plaintiff in Pro Se | & AMTSBUECHLER PC |
| 250 Pleasant Cove Drive | By:  MATTHEW J. ZALEWSKI (P72207) |
| Novi, MI 48377 | Attorneys for Leelanau County, Only |
| (248) 219-1220 | 27555 Executive Drive, Suite 250 |
| wwizinsky@aol.com | Farmington Hills, MI 48331-3550 |
| | (248) 489-4100/FAX (248) 489-1726 |
| | mzalewski@rsjalaw.com |

_____/

## DEFENDANT LEELANAU COUNTY'S MOTION FOR SANCTIONS

### ***ORAL ARGUMENT REQUESTED***

      Defendant, LEELANAU COUNTY, through its attorneys, ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, PC, and pursuant to Fed. R. Civ. P. 11, moves this Court to enter an Order awarding sanctions to the County, and to grant any other relief deemed appropriate.

      In support of this motion, the County relies on the reasons stated in the attached Brief in Support, and also those presented in the County's Brief in Support of its Motion to Dismiss and/or for Judgment on the Pleadings (ECF No. 30).

Concurrence in this Motion was sought on October 30, 2019, by way of providing Plaintiff with a copy of the Motion pursuant to Rule 11's safe harbor provision. To date, Plaintiff has not dismissed his claims or otherwise concurred in the relief sought herein, necessitating the filing of this Motion.

                                                Respectfully submitted,

                                                ROSATI SCHULTZ JOPPICH
                                                & AMTSBUECHLER PC

                                                s/ Matthew J. Zalewski_____
                                                MATTHEW J. ZALEWSKI (P72207)
                                                27555 Executive Drive, Ste. 250
                                                Farmington Hills, MI 48331
                                                (248) 489-4100
                                                Attorney for Leelanau County
                                                mzalewski@rsjalaw.com

DATED:  December 3, 2019

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

WILLIAM G. WIZINSKY,

   Plaintiff,

vs.                                              Case No. 19-cv-00191
                                                   Hon. Janet T. Neff
                                                   Magistrate Judge Sally J. Berens

TOWNSHIP OF LEELANAU
and LEELANAU COUNTY,                      *ORAL ARGUMENT REQUESTED*

   Defendants.
_____/

| WILLIAM G. WIZINSKY | ROSATI SCHULTZ JOPPICH |
|---|---|
| Plaintiff in Pro Se | & AMTSBUECHLER PC |
| 250 Pleasant Cove Drive | By: MATTHEW J. ZALEWSKI (P72207) |
| Novi, MI 48377 | Attorneys for Leelanau County, Only |
| (248) 219-1220 | 27555 Executive Drive, Suite 250 |
| wwizinsky@aol.com | Farmington Hills, MI 48331-3550 |
| | (248) 489-4100/FAX (248) 489-1726 |
| | mzalewski@rsjalaw.com |

_____/

**BRIEF IN SUPPORT OF**
**DEFENDANT LEELANAU COUNTY'S MOTION FOR SANCTIONS**

**\*\*\*ORAL ARGUMENT REQUESTED\*\*\***

## STATEMENT OF FACTS

Defendant Leelanau County (the "County") hereby incorporates by reference and relies upon the Statement of Facts provided in support of its Motion to Dismiss and/or for Judgment on the Pleadings.[1] (ECF No. 30.) This litigation centers on an act of the County by which it issued a Certificate of Occupancy ("C of O") in 2018 for a structure on Plaintiff's property with a condition that the structure not be used as a dwelling. At the time of the County's decision, the structure had defects including lack of proper toilet, sewage, and water infrastructure, rendering the structure uninhabitable. In addition, Leelanau Township (the "Township") had denied a land use permit which would be required to occupy the structure. Though Plaintiff had a right to file administrative appeals of the Township's and County's decisions, he did not. Likewise, although Plaintiff challenges the tax classification and valuation of his property, he never filed a tax appeal with the local board of review and/or the Michigan Tax Tribunal.

Plaintiff filed the Complaint in this matter on March 12, 2019, and served the County on April 8, 2019. The Complaint alleges two counts. Count I – Taking of Property without Compensation under the 5th and 14th Amendments of the U.S. Constitution – alleges loss of value to Plaintiff's lot, lost use of his property, and "excessive tax payments." Count II – Violation of Substantive Due Process – alleges that Plaintiff's interest in his property has been "deprived through the arbitrary, capricious, and wrongful acts of Defendants, including the imposition of an illegal tax, the denial of the use of his property despite having taxed it for such use and the regulatory taking of his property."

As originally pled, the instant Complaint was brought against both the County and the Township. However, prior to the County answering the Complaint, Plaintiff voluntarily

---

[1] The County's Motion to Dismiss is hereby incorporated by reference pursuant to FRCP 10(c).

2

dismissed the Township on April 17, 2019. (ECF No. 5.) The County only learned after answering the Complaint that Plaintiff's dismissal of the Township from this case arose from a Settlement Agreement reached between Plaintiff, his wife, the Township, and the HOA in a state court lawsuit entitled *The Shores Homeowners Association and Leelanau Township v. William G. Wizinsky and Ann M. Wizinsky,* Leelanau County Circuit Court Case No. 18-10192-CZ. (Ex. 1, Settlement Agreement.) The Settlement Agreement is dated March 14, 2019, two days after the Complaint was filed. (Ex. 1.) It was approved by the Leelanau Township Board on March 21, 2019. (Ex. 2, 3-21-19 Township Board Minutes.) While Plaintiff's then-counsel mentioned the Settlement Agreement in general terms during the initial Rule 16 conference in this matter, the County did not receive a copy of the Settlement Agreement until after that conference. Several provisions of the Settlement Agreement are especially pertinent to this matter, as follows:

1. "Defendants shall list the property for sale within 30 days of the date of this agreement."

3. "If the property is not sold by September 30, 2021, then the pocket judgment may be entered and the structure will be removed and the property returned to its natural state by October 30, 2021."

5. "Defendants may dwell on the property for no more than 18 nights per year starting the Friday of Memorial Day and ending on the [*sic*] October 31. Steve Patmore will be notified 3 days prior to any nights' stay."

6. "Removal of the structure must be a condition of the purchase agreement if not removed earlier and occur within 30 days of closing."

11. "If the defendants breach this agreement and the pocket judgment gets entered as a result, the structure must be removed within 90 days of entry of the pocket judgment."

(Ex. 1.)

On September 4, 2019, the Township and HOA filed a Motion for Entry of Order in the Leelanau County Circuit Court. The motion requested that the Circuit Court enter the pocket

3

judgment mentioned in the Settlement Agreement based on the Wizinskys' alleged breach of the Settlement Agreement. On October 22, 2019, Leelanau County Circuit Court Judge Kevin Elsenheimer entered a Decision and Order Granting the Township and HOA's motion. (Ex. 3, 10-22-19 Leelanau County Court Order.) The Decision and Order concluded that the Wizinskys had breached the Settlement Agreement, and ordered as follows:

> [T]he Defendants [the Wizinskys] shall remove the Structure located on the Property, shall remove any and all non-natural objects from the Property, and shall otherwise return the Property to its natural state within 90 days from entry of this Decision and Order. If the Defendants fail to cause the Removal, as defined by the Parties, the Plaintiffs [the Township and HOA] may enter the Property and remove the Structure. Upon doing so, the removing entity will be entitled to put a lien on the Property for the cost of the removal and record the lien with the Leelanau County Register of Deeds. The Court retains jurisdiction to enforce the remaining terms of the Settlement Agreement.

(Ex. 3, p. 3-4.)

**Plaintiff's E-Mail & Media Campaign Against the County**

It is also important to note for purposes of this motion that the Settlement Agreement was received not through Plaintiffs' then-attorney, but via an incendiary mass e-mail sent by Plaintiff on August 8, 2019 to a wide range of recipients including numerous County employees. (Ex. 4.) Similar e-mails were sent to recipients including a group of Michigan State University professors, media outlets, and local chambers of commerce. (See Ex. 5.) Plaintiff's communication also indicated that he was also sending materials to the Michigan Senate. (Ex. 4.) The message assails the Township, Shores Homeowners Association ("HOA"), and County, essentially claiming that they are racist and have been discriminating against him since adopting an African American child. (It is important to note that, in 2018, Plaintiff filed a request with the Michigan Department of Civil Rights to investigate the County, Township, and HOA for discrimination, but the Department closed the file due to lack of any credible evidence to support

4

Plaintiff's allegations.)  Plaintiff implored readers to "Tell the County/Township Public Officials and the Shores, that you want my property rights restored to as they were prior to the adoption of my daughter." (Ex. 4, p. 3.)

On August 10, 2019, Plaintiff forwarded the same message to the County Sheriff with a personal note to him.  Plaintiff stated, "my goal is to buy email lists for the entire county." (Ex. 6, p. 3.)

An especially troubling communication was sent by Plaintiff on August 27, 2019. (Ex. 7, 8-27-19 e-mail.)  In that mass e-mail, Plaintiff stated that he had hired a public relations firm and planned to send his e-mails to 21,000 people throughout Leelanau, Benzie, and Grand Traverse Counties.  He also included some ominous directed toward the County that clearly expressed his desire to harm the County:

> If my property rights are not restored by September 26, 2019, my 61st birthday, by nullification of the settlement agreement and a C.O.O. issued as a home: my next step will be more aggressive and not just hurting the reputation of the community but to property values and the probably to the local economy.
>
> I plan on putting a billboard in Lansing, MI with another email blast to the area. Obviously the message is complicated for I-75, but will be read by pedestrians and cars at lights and such.  The goal is to get news coverage.
>
> LEELANAU TOWNSHIP/COUNTY OFFICIAL USING TAX DOLLARS FORCED WHITE COUPLE OFF PROPERTY OF 29 YEARS AFTER THEY ADOPTED AN AFRICAN AMERICAN CHILD.  PUBLIC OFFICIALS ACTIONS INSURES [*sic*] THE SHORES REMAINS AN ALL-WHITE COMMUNITY.
>
> LET THE COUNTY KNOW YOUR DISAPPROVAL BY VACATIONING ELSEWHERE, AND BY NOT PURCHASING PRODUCTS PRODUCED IN THE COUNTY.

(Ex. 7, p. 3.)

Plaintiff also foreshadowed an escalation of his campaign, and specifically against County officials as follows:

5

> Then at the end of October we will move to the Federal Level.
>
> I plan on putting up a billboard in Washington D.C. with an accompanying e-mail blast.
>
> LEELANAU TOWNSHIP/COUNTY LEADERS DOUG SCRIPTS AND CHET JANIK USING TAX DOLLARS FORCED WHITE COUPLE OFF PROPERTY OF 29 YEARS AFTER THEY ADOPTED AN AFRICAN AMERICAN CHILD. PUBLIC OFFICIALS ACTIONS INSURES [*sic*] THE SHORES REMAINS AN ALL-WHITE COMMUNITY.

(Ex. 7, p. 3.)

This message was followed-up the next day with one curiously asserting that "The Federal Court has pretty much ordered the County to issue the Certificate of Occupancy as a home." (Ex. 8, 8-29-19 e-mail.) As this Court is aware, however, this case is only at its beginning stages and the Court has done no such thing. Instead, the last action of the Court had been to adjourn the Rule 16 conference to allow the parties to explore settlement of this matter. The August 29, 2019 e-mail goes on to repeat its unfounded allegations of racism against the County in an especially vile manner:

> So how does a N*****[2] get a permit in Leelanau County. The process is; he has to file a discrimination complaint with the State of Michigan Civil Rights Division and they have to order the County to issue a permit:[3]
>
> \*   \*   \*
>
> How do N***** get a corrected Certificate of Occupancy? A Federal Judge has to order the County to issue it![4]
>
> \*   \*   \*

---

[2] Un-redacted text included in the attached exhibit.
[3] The County has never been ordered by the Michigan Civil Rights Division to issue a permit. As noted above, a 2018 request by Plaintiff to investigate the County was closed out for lack of credible evidence.
[4] Neither this Court nor any other Federal Court has ordered the County to issue a Certificate of Occupancy.

> Finally if the Leelanau County people are hurt economically, socially, or reputation. It is on the Shores and the public officials named. You will be blamed for your horrible behavior against my family! Your re-election and job security will be the least of your problems. I AM NOT GOING AWAY!

(Ex. 8.)

By September 8, 2019, after the HOA had filed its motion to enforce the Settlement Agreement in the state lawsuit, Plaintiff sent out another e-mail that primarily targeted the Township and HOA, but also encouraged readers to "Email the people below if you do not want your tax dollars wasted on such nonsense and if you believe The Shores should return the money to the Township." (Ex. 9, 9-8-19 e-mail.) The list of e-mail addresses included that of the County Administrator and County Building Official. (Ex. 9, p. 7.)

As evidenced by the attached e-mails, the above excerpts are just a small sampling of the content of Plaintiffs' relentless campaign against the County, Township, and HOA. The exhibits also do not include the many attachments accompany several of these e-mails, which included documents he has presented to the state when seeking investigation of his unfounded allegations of civil rights violations.

**The County's Informal Rule 11 Letter and Plaintiff's Decision to Proceed *Pro Se***

Upon receipt and review of the Settlement Agreement, and in light of the defects in Plaintiff's Complaint and his ongoing e-mail attack on the County, the County's counsel sent a letter on August 21, 2019 to Plaintiff's then-counsel informally advising him of the County's intent to pursue Rule 11 sanctions if Plaintiff did not withdraw the Complaint. Plaintiff's then-counsel responded by objecting to the notion that a Rule 11 violation occurred, but also indicating a willingness to continue discussing a resolution. The parties' counsel did continue their discussions, but that process ended when Plaintiff's then-counsel filed his motion to withdraw, which was granted by Court Order entered September 9, 2019. (ECF No. 23.)

7

Plaintiff clearly was aware of the threatened sanctions motion based on a note in his September 8, 2019 mass e-mail stating that the County "is threatening sanctions against us." (Ex. 9, p. 2.) Nevertheless, after this Court granted the motion of Plaintiffs' former counsel to withdraw, Plaintiff filed his notice of intent to proceed with this lawsuit *Pro Se.*

**The Motion to Dismiss and Motion for Sanctions**

The County filed its Motion to Dismiss and/or for Judgment on the Pleadings on October 30, 2019. (ECF No. 30.) The County simultaneously served this Motion on Plaintiff under the Rule 11 safe harbor provision.

As discussed more thoroughly below and in the County's Motion to Dismiss and/or for Judgment on the Pleadings, Plaintiff lacks standing to raise his takings and substantive due process claims due to failure to obtain a final decision via administrative appeal of the County's decision(s), and/or those claims otherwise fail on the merits for reasons including but not limited to Plaintiff's lack of a protected property right, the County's legitimate interest in enforcing applicable codes, and Plaintiff's inability to show that he has been deprived any lawful use of his property.

Given that Plaintiff's Complaint lacks any basis in fact or law, was mooted by the Settlement Agreement before it was even served on the County, and appears to be part of an ongoing harassment campaign against the County, the County respectfully requests that this Court impose sanctions against Plaintiff, pursuant to Fed. R. Civ. P. 11, as well as award any other relief the Court deems appropriate.

**ARGUMENT**

**I.    This Court should impose sanctions against Plaintiff, pursuant to Federal Rule of Civil Procedure 11(b).**

"Rule 11 imposes on attorneys a duty to reasonably investigate factual allegations and legal contentions before presenting them to the court." *Penn, LLC v Prosper Bus. Dev. Corp.*, 773 F3d 764, 766 (6th Cir 2014). This duty equally applies to *pro se* plaintiffs. See, e.g., *Golyar v. McCausland,* 738 F.Supp 1090, 1098. (W.D. Mich. 1990.)

Specifically, Rule 11(b) provides:

By presenting to the court a pleading ... or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) **it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation**;

(2) **the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;**

(3) **the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;** and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). (emphasis added). "If, after notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. The reviewing court may impose a sanction consisting of "an order directing

9

payment ... of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Civ. P. 11(c)(2).

Rule 11 mandates that a party and his attorney inquire into the viability of a pleading *before it is signed*. The language of the rule emphasizes the responsibility of the signing attorney to investigate the facts and law *before* filing pleadings with the court. Fed. R. Civ. P. 11(b). After that time, both counsel and the party retain a continuing responsibility to review pleadings for their conformity with Rule 11, and to dismiss an action when it becomes evident that they no longer comply with Rule 11. *Herron v. Jupiter Transportation Company,* 858 F.2d 332, 336 (6th Cir. 1988). Failure to do so warrants the imposition of sanctions against the offending party and/or attorney when a reasonable inquiry would have disclosed that the pleading was lacking in factual support or unwarranted by existing law. *Id.* (See, also, *Golyar v. McCausland, supra.*)

The test for imposing Rule 11 sanctions is whether the conduct at issue was objectively reasonable under the circumstances. *Tropf v. Fidelity Nat. Title Ins. Co,* 289 F.3d 929, 939 (6th Cir. 1995); *Albright v. Upjohn Co.*, 788 F.2d 1217, 1221 (6th Cir. 1986). Rule 11 has been amended to reduce the reluctance of courts to impose sanctions for pleading abuses, with the goal of diminishing the number of frivolous claims filed. Advisory Committee Note, Fed. R. Civ. P. 11. As the 6th Circuit held in *INVST Financial Group, Inc. v Chem-Nuclear Systems, Inc*, 815 F.2d 391, 401 (6th Cir 1987):

> The 1983 amendment to Rule 11 removed much of the district court's discretion in imposing sanctions; **Rule 11 now mandates the imposition of sanctions if the underlying conduct is found to violate the Rule**. The standard by which conduct is judged has become more stringent as well; **a showing of "good faith" will no longer be sufficient to avoid sanctions**.
>
> **The conduct of counsel that is the subject of sanctions will be measured by an objective standard of reasonableness under the circumstances**.

10

(internal cites omitted) (emphasis added).  Likewise, a finding of subjective bad faith is not required to trigger imposition of an award of sanctions. *Rentz v Dynasty Apparel Industries, Inc*, 556 F3d 389, 396 (6th Cir 2009); *Herron v Jupiter Transp Co,* 858 F.2d at 334-335. Furthermore, where a court finds that Rule 11 has been violated, sanctions are mandated. Such sanctions may appropriately include payment of the opposing party's costs and attorney fees.

     Here, Plaintiff's Complaint violates Rule 11(b)(2) and (b)(3) because the claims asserted against Leelanau County were clearly without any legal or factual merit at the time the Complaint was filed, and continue to be without merit over a half year later.  In his Complaint, Plaintiff raises a takings claim and a substantive due process claim against the County, arising from the County's issuance of a Certificate of Occupancy in 2018 restricting the use of the structure on his property for a dwelling.  As discussed more thoroughly in the County's Motion to Dismiss and/or for Judgment on the Pleadings, Plaintiff lacks standing to bring these claims because he never timely appealed the County's decision to restrict the C of O to the board of appeals (and the time for doing so has long since passed). *Arnett v. Myers,* 281 F.3d 552, 562 (6th Cir. 2002), citing *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* 473 U.S. 172, 186 (1985); *Seguin v. City of Sterling Heights,* 968 F.2d 584, 588 (6th Cir. 1992). Nor did he appeal an underlying land use permit by the Township to the Township Zoning Board of Appeals.  Moreover, to the extent that he claims that his tax classification and valuation constitute a taking or substantive due process violation, again he did not appeal his valuation to the board of review and/or Michigan Tax Tribunal, which has exclusive jurisdiction over such matters. Mich. Comp. Laws § 205.731.  Further, he lacks a protected property right as is required to raise a due process claim since he has no vested right in an unlawful use. *Silver v. Franklin Township Bd. of Zoning Appeals,* 966 F.2d 1031, 1036 (6th

Cir. 1992); *Seguin,* 968 F.2d at 591. And, the takings claim fails on the pleadings because Plaintiff has not lost all use of his property, nor even a portion of any lawfully established existing use since Plaintiff never even sought final inspections to obtain a C of O for the structure as it existed in 1992. *Penn Central Transportation Company v. City of New York,* 438 U.S. 104, 124 (1978).

The timing of Plaintiff's Complaint is also significant for evaluating compliance with Rule 11. Keeping in mind that Plaintiff's Complaint contests the County's restriction on his structure's use as a dwelling back in 2018, Plaintiff's Complaint was filed on March 12, 2019 – just two days before the date of his Settlement Agreement with the Township that definitively resolved the dwelling status of his property at the Township level. Despite this, he never sought an amended C of O from the County. And, though the Settlement Agreement was formally approved by the Township on March 21, 2019, Plaintiff proceeded to serve the County with the Complaint addressing the now-mooted 2018 C of O denial on April 8, 2019.

In essence, Plaintiff is trying to use this action to collaterally attack and circumvent the state court Settlement Agreement by asserting claims premised on his allegation that his structure should be granted a full C of O. This Court is precluded from entertaining a claim that arrives in the posture of a collateral attack. *See, e.g., Pratt v. Ventas, Inc.,* 365 F.3d 514, 521-522 (6th Cir. 2004).

Plaintiff (and/or his counsel) subsequently received the County's arguments for dismissing this matter by way of its summary of the case in the parties' Joint Status Report filed June 21, 2019 (ECF No. 13), and through discussion with the Court at the Rule 16 Conference on June 28 2019 (ECF No. 14). Plaintiff was then asked by the County to dismiss this matter in light of the Settlement Agreement via the County's informal Rule 11 letter to Plaintiff's counsel

dated August 22, 2019, of which Plaintiff was aware. (Ex. 9.)  Then, on September 6, 2019, the County filed its Request for Pre-Motion Conference, which further detailed the County's position and controlling case law establishing why this case must be dismissed. (ECF No. 22.) Plaintiff, however, has insisted on continuing this lawsuit.  Through all of this, Plaintiff has maintained a relentless campaign designed to harass the County through mass e-mail and other techniques.  Continuing this lawsuit appears to be an integral part of this ongoing campaign, in violation of Fed. R. Civ. P. 11(b)(1).

And, as the County was preparing this Motion, it was served with a new Complaint filed by Plaintiff, *Wizinsky v. Leelanau County et. al.,* Case No 1:19-cv-894, which has been assigned to the Hon. Robert J. Jonker. (Complaint without exhibits attached as Ex. 12.)  The 743-paragraph Complaint repeats the same allegations as in the instant Complaint and clearly postures itself as a collateral attack on the state court proceedings.  Most notable for purposes of this Motion is that the new Complaint describes Plaintiff's efforts to bring economic harm upon the County. (Ex. 12, ¶¶ 724-742.)

Courts in this Circuit have awarded sanctions in similar circumstances.  For instance, in *Dutka v. Rosenthal*, No. 96-1134, 1997 WL 225510 (6th Cir. May 1, 1997) (Ex. 10), the Court affirmed an award of sanctions against the plaintiff and his counsel where, as here, the action appeared to have been a "spite type of lawsuit" and plaintiff's attorney based the filed Complaint on legally indefensible positions.  Similarly, in *Kallok v. Boardman Local Sch. District Bd. of Educ.*, 24 F.Appx. 496, 498 (6th Cir. 2001) (Ex. 11), the plaintiff's attorney was sanctioned under Rule 11 where he failed to offer an explanation as to why a controlling case should not apply. *Id.*  Plaintiff here has similarly failed in this regard and sanctions should be imposed.

13

Because Plaintiff has failed to dismiss his frivolous and unfounded claims the County, defense counsel has been forced to spend numerous hours defending against these claims, including the recent filing of a Motion to Dismiss and/or for Judgment on the Pleadings. The County is entitled to relief for being required to defend this litigation which was brought for the improper purpose of harassing the County (as evidenced by Plaintiffs' relentless ill-willed mass e-mail campaign against the County) and has been perpetuated to "cause unnecessary delay" and to "needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1)&(2). Now that Plaintiff has filed a *second* federal lawsuit arising from the same circumstances (as noted above), Plaintiff clearly has no intention of ceasing to use this Court as a vehicle for his campaign, which will only further escalate the County's time and fee expenditures. Consequently, Rule 11 sanctions are warranted in this matter to deter Plaintiff from continuing to pursue these same claims. Ultimately, it should have been clear to Plaintiff and/or his former attorney from the outset that the claims raised were not warranted by existing law or facts, but certainly as of August 21, 2019, by which time defense counsel had conveyed the County's position and provided relevant law via a Joint Status Report, discussion at the Rule 16 Conference, and a Rule 11 warning letter. Consequently, Defendant respectfully requests that this Honorable Court impose sanctions in the form of costs and attorneys fees pursuant to FRCP 11(b), and along with an award of any other relief that the Court determines to be fair, just and equitable.

Defense counsel provided a copy of this Motion for Sanctions to Plaintiff on October 29, 2019 and, as of the date of filing of this Motion, Plaintiff has failed to withdraw his Complaint against the County. Therefore, the County has met its twenty-one (21) day "safe harbor" requirement pursuant to FRCP 11(c)(2).

## CONCLUSION

WHEREFORE, Defendant Leelanau County respectfully requests that this Honorable Court enter an Order granting its Motion for Sanctions and award any other additional relief that the Court finds appropriate.

                              Respectfully submitted,
                              ROSATI SCHULTZ JOPPICH
                              & AMTSBUECHLER PC

                              s/ Matthew J. Zalewski_____
                              MATTHEW J. ZALEWSKI (P72207)
                              27555 Executive Drive, Ste. 250
                              Farmington Hills, MI 48331
                              (248) 489-4100
                              Attorney for Defendant Leelanau County
                              mzalewski@rsjalaw.com

DATED:  December 3, 2019

## CERTIFICATE OF COMPLIANCE WITH L.CIV.R.  7.3

I hereby certify that this Brief was created using Microsoft Word version 1910, and that the Brief contains 4,255 words in the text and footnotes, exclusive of the caption, index, signatures, and this certificate.

                              s/Matthew J. Zalewski_____

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2019, I served the foregoing paper upon William Wizinsky, acting in pro se, at the address indicated in the caption by United States Postal Service and by email to wwizinsky@aol.com; and on December 3, 2019 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of

15

such filing to all counsel of record; and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: William G. Wizinsky.

           ROSATI SCHULTZ JOPPICH
           & AMTSBUECHLER PC

           s/ Matthew J. Zalewski
           MATTHEW J. ZALEWSKI (P72207)
           Attorney for Defendant Leelanau County
           mzalewski@rsjalaw.com