UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM G. WIZINSKY,

      Plaintiff,                                   Hon. Janet T. Neff

v.                                                  Case No. 1:19-cv-191

TOWNSHIP OF LEELANAU and
LEELANAU COUNTY,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Counter Motion to Defendants [sic] Motion to Dismiss, Motion to Join the Cases</u> (ECF No. 34), which the undersigned construes as a motion to consolidate the instant case with Case No. 1:19-CV-894 (Case No. 894) pursuant to Fed. R. Civ. P. 42(a). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **DENIED** but that, pursuant to Fed. R. Civ. P. 1 and its inherent authority to manage its docket, the Court dismiss this action without prejudice as duplicative of Case No. 894.

Plaintiff, represented by counsel, filed this action on March 12, 2019 against the Township of Leelanau and Leelanau County. The complaint alleged two claims against both Defendants: Count I—taking of Plaintiff's property without just compensation, in violation of the 5th and 14th Amendments; and Count II—violation of substantive due process. (ECF No. 1.) Both claims arise out of the County's refusal to issue a Certificate of Occupancy allowing Plaintiff to use a structure on his property as a dwelling. Plaintiff voluntarily dismissed the Township on April 17, 2019. (ECF No. 5.) On September 9, 2019, the Court granted Plaintiff's counsel's motion to withdraw (ECF No. 23), and Plaintiff elected to proceed pro se. On October 30, 2019, the County

filed a motion to dismiss and/or for judgment on the pleadings (ECF No. 30), which is now fully briefed.  In addition, the County has filed a motion for Rule 11 sanctions (ECF No. 37), to which Plaintiff has yet to respond.

Plaintiff filed Case No. 894 on October 25, 2019, against the County and numerous individuals.  Plaintiff's 102-page, 743-paragraph, 15-count pro se complaint (Case No. 894, ECF No. 1)[1] substantially expands on his allegations in his initial complaint but, nonetheless, arises out of the same basic dispute regarding his use of the structure on his property.  According to Plaintiff, "[b]oth cases Count 1 and II are identical with different Defendants."  (ECF No. 34 at PageID.251.)  Plaintiff further states that "the issues [in both cases] are from the same circumstances with the same goals by all Defendants."  (*Id.*)  On December 2, 2019, the County filed a motion to dismiss and/or for judgment on the pleadings.  (Case No. 894, ECF No. 14.) The County's motion addresses Counts 1, 2, 12, 13, and 15, which assert federal claims, and requests that the Court decline to exercise supplemental jurisdiction over the remaining claims, which arise under state law.  Plaintiff has not yet responded to the County's motion.

Although Plaintiff cites Rules 18, 19, and 20 of the Federal Rules of Civil Procedure, his motion to join, or consolidate, the two cases is governed by Rule 42(a), pursuant to which a court may consolidate two or more "actions before the court [that] involve a common question of law or fact."  The County does not oppose consolidation, but it does oppose Plaintiff's apparent request that its pending motion to dismiss be denied as part of the consolidation.  Although consolidation would be proper, the undersigned recommends, instead, that the Court dismiss the instant case as duplicative.  Doing so would result in a single case, a more efficient use of judicial resources, and the most "just, speedy, and inexpensive determination" of the dispute.  Fed. R. Civ. P. 1.

---

[1] Documents from Case No. 894 are cited as (Case No. 894, ECF No.___).

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

A complaint is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See*, *e.g. Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Considering the substantial similarities between the parties, legal claims, factual allegations, temporal circumstances and relief sought in the present action and Case No. 894, the cases are duplicative. Although courts generally dismiss the second action as duplicative, dismissing the first action in favor of the more comprehensive second action is the better course in these circumstances.

Accordingly, the undersigned recommends that <u>Plaintiff's Counter Motion to Defendants [sic] Motion to Dismiss, Motion to Join the Cases</u> (ECF No. 34) be denied and that the Court dismiss the instant case as duplicative pursuant to its inherent power.   I further recommend that if the Court dismisses this action, it direct the Clerk to file the County's motion for sanctions (ECF No. 37) in Case No. 894.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: December 12, 2019     /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge