UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM G. WIZINSKY,

    Plaintiff,

v.

LEELANAU, TOWNSHIP OF, et al.,

    Defendants.
_____/

Case No. 1:19-cv-191

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff initiated this action against the Township of Leelanau and Leelanau County, alleging a taking of his property without just compensation (Count I) and a violation of his substantive due process rights (Count II). Plaintiff subsequently voluntarily dismissed the Township. The County filed a dispositive motion, to which Plaintiff filed a "Counter Motion to Defendant[']s Motion to Dismiss, Motion to Join the Cases." The County also filed a motion for sanctions. The Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court deny Plaintiff's motion and "dismiss the instant case as duplicative" of another case that Plaintiff had filed against the County, 1:19-cv-894. The Magistrate Judge further recommended that if the Court dismissed this action that "it direct the Clerk to file the County's motion for sanctions (ECF No. 37) in Case No. 894." The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. The County filed a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has

performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

An objecting party is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The court's task then is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

Here, Plaintiff indicates that he "agrees with the decision to dismiss case 1:19-cv-00191 as stated" but "objects to the Motion for Sanctions to even being considered" (ECF No. 46 at PageID.1201-1202).[1] Plaintiff requests that "the County's request for sanctions not even be heard and DENIED" (*id.* at PageID.1202).

Plaintiff's objection does not supply a basis for rejecting the Report and Recommendation. Plaintiff supplies no authority upon which this Court could properly preclude a party from seeking sanctions. To the extent Plaintiff requests the motion for sanctions be denied, his request is misplaced as the Magistrate Judge did not address the merits of such in the Report and Recommendation. In short, the objections are properly denied, and this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 46) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 43) is APPROVED and ADOPTED as the Opinion of the Court.

---

[1] To the extent Plaintiff also requests that he be allowed to amend his complaint, the Court notes that Plaintiff has since filed a formal motion for such in Case No. 1:19-cv-894 (ECF No. 22).

**IT IS FURTHER ORDERED** that Plaintiff's "Counter Motion to Defendant[']s Motion to Dismiss, Motion to Join the Cases" (ECF No. 34) is DENIED for the reasons stated in the Report and Recommendation, and this action is DISMISSED as duplicative of Case No. 1:19-cv-894.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to file Defendant County's Motion for Sanctions (ECF No. 37) in Case No. 1:19-cv-894.

Dated: May 12, 2020

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge